847 So.2d 115 (2003)
STATE of Louisiana, Appellee,
v.
Raymond Bernard LOGWOOD, Appellant.
No. 37,178-KA.
Court of Appeal of Louisiana, Second Circuit.
May 14, 2003.
*116 Louisiana Appellate Project, by Kenota Pulliam Johnson, for Appellant.
*117 Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Stephen T. Sylvester, Assistant District Attorney, for Appellee.
Before WILLIAMS, DREW and KOSTELKA (Pro Tempore), JJ.
KOSTELKA, Judge Pro Tempore.
In this criminal appeal by Raymond Bernard Logwood ("Logwood") alleging excessive sentence, we are required to determine whether the trial court's failure to state the factual basis of the sentence imposed was cured when the trial court articulated its reasons in its ruling on Logwood's motion to reconsider sentence. In this instance, we hold that it does.
Logwood pled guilty as charged to one count of carnal knowledge of a juvenile, a violation of La. R.S. 14:80 punishable by imprisonment at hard labor for not more than ten years, and to two counts of indecent behavior with a juvenile, violations of La. R.S. 14:81 punishable by not more than seven years at hard labor. The state agreed to dismiss an unspecified misdemeanor charge and not to charge Logwood as an habitual offender.[1] The trial court imposed concurrent sentences, respectively, of ten, five and five years at hard labor which, after denial of his timely motion for reconsideration, Logwood appeals as excessive.
The matters of record show that the victim, then a fifteen-year-old female, had been living with her uncle and aunt, Logwood and his wife, Wendy, since the victim was eight years old. Logwood knew the victim had been sexually abused before she came to live with them. Logwood, age forty-four, sexually abused the victim on multiple occasions by fondling her vaginal area and engaging in sexual intercourse with her. He was discovered after she became pregnant and complained about the rapes.[2]
Logwood now argues that the sentence imposed is excessive, that the trial court failed to adequately articulate for the record its reasons for sentence, and that the court erred in denying the motion to reconsider sentence.
The test imposed by the reviewing court in determining whether a sentence is excessive is two-pronged. The appellate court must first assess whether the record shows that the trial court took cognizance of sentencing guidelines and then assess whether the sentence imposed is too severe. State v. Musgrove, 33,977 (La.App.2d Cir.12/15/00), 774 So.2d 1155, writ denied, 01-0356 (La.09/28/01), 798 So.2d 112. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Williams, 34,359 (La.App.2d Cir.05/09/01), 786 So.2d 203, writ denied, 01-2275 (La.05/10/02), 815 So.2d 835. The important elements which should be considered are Logwood's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Carter, 29,972 (La.App.2d Cir.12/10/97), 704 So.2d 832. When the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with the sentencing guidelines. State v. Abram, 32,627 (La. App.2d Cir.10/27/99), 743 So.2d 895, writ *118 denied, 00-0121 (La.09/29/00), 769 So.2d 549.
Prior to imposing sentence, the trial court stated that the PSI had been made available and that a "mitigation of sentence hearing" had been held where Logwood's spiritual counselor testified in support of mitigating Logwood's sentence. The court noted that an affidavit executed by Logwood's wife, Wendy, had been presented at that hearing. The court indicated that since the hearing, it had considered the testimony of the spiritual advisor and the affidavit, and it had spoken with counsel for Logwood and the prosecution regarding the sentence it was inclined to impose. Additionally, defense counsel stated that he had reviewed the PSI with Logwood and there were no inaccuracies with respect to Logwood's history. The court then imposed sentence. After sentencing, the PSI and affidavit were filed into the record.
The trial court's statements that it had considered the mitigating testimony and the affidavit, without stating what facts were considered in fashioning Logwood's sentence, cannot be considered as reasons for the sentence. Even though arguments were apparently made in chambers and during a bench conference, there was no mention of the content of this conference placed in the record. Although the trial court mentioned that it had received the PSI, it did not state that it had, in fact, reviewed it. Our review of the sentencing colloquy thus discloses that the trial court failed to state the reasons for the sentence it imposed, and, hence, the court failed to comply with the mandate of La.C.Cr.P. art. 894.1(C) to "... state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
The purpose underlying the statutory sentencing guidelines is to provide an explanation for a particular sentence in those cases where the trial judge is given discretion to choose a sentence tailored to the offender's circumstances from within a legislatively-provided sentencing range. State v. Washington, 99-1111 (La.App. 4th Cir.03/21/01), 788 So.2d 477, writ denied, 01-1096 (La.05/31/02), 816 So.2d 866. Consideration and articulation of the factors in the sentencing guidelines guide and assist the trial court in the exercise of its broad discretion regarding the imposition of a fair and proper sentence in a particular case and afford the reviewing court some insight into the trial court's reasoning process, so that the propriety of the sentence can be better evaluated. State v. Allen, 451 So.2d 618 (La.App. 5th Cir. 1984).
Although the trial court failed to achieve the goal of the sentencing guidelines in its sentencing colloquy, remand is unnecessary in this instance because the record clearly shows an adequate factual basis for the sentence imposed. Abram, supra. The factual basis for the sentence imposed was articulated by the court in its response to Logwood's motion for reconsideration.
In that hearing, the trial court reviewed its reasons for the sentence imposed. It stated that Logwood was the uncle of the victim who considered him to be a father figure. As such, he was well aware of the victim's age. Logwood committed repeated rapes over a three-month period, two to three times per week, including while the victim was pregnant. He knew of the victim's history of having been abused but chose to deviate from his father figure role. He had tried to prevent the victim from telling anyone about the improprieties by promising to stop if she would remain silent. The trial court considered Logwood's prior felony record, consisting of a 1980 conviction for middle grade theft. The court found Logwood *119 should have known the victim was particularly vulnerable due to her age and prior circumstances. The court found Logwood had abused his position of father figure to facilitate commission of the offenses. The court also found there was a risk of further offenses if Logwood were to be granted probation, because he would return to the residence of the victim, and that he was in need of custodial treatment.
We conclude, therefore, that the trial court's failure to state the factual basis for the sentence it imposed at sentencing was cured when the court articulated those reasons in its ruling on the motion to reconsider sentence. The record clearly demonstrates that the court had considered the sentencing guidelines in fashioning Logwood's sentence but had inadvertently failed to mention them. Having stated them, however, in response to the motion to reconsider, the goals of the guidelines were met. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980).
A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
On this record, we do not find constitutional error. The sentences imposed are lawful. Logwood received a benefit from the state's agreement not to charge him as an habitual offender and from its recommendation that the sentences be served concurrently. Logwood's shameful behavior involved multiple wilful decisions to sexually abuse a particularly vulnerable child over whom he had supervisory authority and responsibility. Considering the totality of the facts and circumstances of this matter, we find the sentences imposed to be neither grossly disproportionate to the severity of the offense nor shocking to our sense of justice. There is no showing of an abuse of the trial court's discretion.
The convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Logwood has one conviction for middle grade theft.
[2] Although the presentence investigation report ("PSI") stated that Logwood was not the father, his wife stated that he is the father of the child.