969 So.2d 1251 (2007)
STATE of Louisiana
v.
Henrietta WILLIAMS.
No. 07-K-1111.
Supreme Court of Louisiana.
December 7, 2007.
PER CURIAM.
Granted. The decision of the Third Circuit is reversed, and the district court's sentence is reinstated. Given its detailed consideration of the aggravating and mitigating factors relating to defendant's case, we find the district court did not impose a constitutionally excessive sentence of five years imprisonment, the maximum term permitted by the sentencing statute, La.R.S. 14:133, but then suspended all but 18 months of the term. See State v. Taves, 03-0518, p. 4 (La.12/3/03), 861 So.2d 144, 147 ("[T]he determination of whether a sentence which otherwise falls within the range of punishment provided by the legislature for a particular offense is excessive, i.e., so disproportionate to the offense that it represents the needless infliction of pain and suffering . . . entails more than a priori judgments by an appellate court. . . . `[T]he statutory criteria legislatively provided by La.C.Cr.P. art. 894.1 (1977), which are similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, provide appropriate criteria by which to measure whether a *1252 sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.'" (quoting State v. Sepulvado, 367 So.2d 762, 769 (La.1979) (citation omitted))). Sentence review under La. Const. art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case. State v. Walker, 00-3200, p. 2, 799 So.2d 461, 462 ("On appellate review of sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion.") (citing State v. Cook, 95-2784, p. 3 (La. 5/31/96), 674 So.2d 957, 959, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996)); see also State v. Humphrey, 445 So.2d 1155, 1165 (La. 1984)(same).
CALOGERO, Chief Justice, dissents and would deny the writ application.
JOHNSON and WEIMER, JJ., dissent and assign reasons.
WEIMER, J. dissents.
I would grant and docket this matter for a more complete evaluation.
JOHNSON, J. dissenting:
I agree with the appellate court that the sentence was excessive. I also agree with the appellate court's remand of the case for a determination of whether defendant is indigent and unable to pay the fine and costs imposed. An indigent defendant may not be subjected to default time in lieu of payment of fine and costs. See, Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).