STEPHEN J. WINDHORST, Judge.
^Defendant, Enrique Rivera, appeals his conviction and sentence for aggravated battery. For the reasons that follow, we affirm his conviction and sentence, and we grant appellate counsel’s motion to withdraw.
PROCEDURAL HISTORY
On June 22, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant with aggravated second degree battery on Ramesh Ramsarup in violation of La. R.S. 14:34.7.[1] At his arraignment, defendant pled not guilty. Defendant filed several pre-trial motions, including a motion to suppress statement. On May 2, 2013, the district court denied defendant’s motion to suppress statement. Defendant proceeded to trial on May 2, 2013. After considering the evidence presented, a six-person jury found him guilty of the responsive verdict of aggravated battery.
Following the denial of defendant’s motion for new trial on May 24, 2013, the district court sentenced defendant to two years imprisonment with the Department of Corrections with credit for time served, and ordered the first year of the sentence to be served without benefit of parole, probation, or suspension of sentence. On May 28, 2013, defendant filed a motion to reconsider sentence. On |sthe same day, defendant’s motion for appeal was filed and granted. The district court granted *63 defendant’s motion to reconsider sentence on May 29, 2018, and vacated defendant’s original sentence. Defendant was resen-teneed to two years with the Department of Corrections[2] and defendant was ordered to pay a fíne of $500.00.[3] This appeal followed.[4]
FACTS
On May 5, 2011, Ramesh Ramsarup, an owner of a trucking company, made a phone call to Gilberto Suarez, a truck driver, requesting that Mr. Suarez return a grease gun that he had previously borrowed. Mr. Ramsarup testified that Mr. Suarez told him that “[i]f you want it, come get it, because I ain’t [sic] bringing it.” Mr. Ramsarup drove to Mr. Suarez’s residence on Lesan Drive, where defendant also lived. Mr. Ramsarup testified that as he walked up the driveway, Mr. Suarez, who was sitting on the steps under the carport, approached him and started to argue with him. Mr. Ramsarup testified that Mr. Suarez grabbed his shirt and pushed him into the fence.
Mr. Ramsarup further testified that while he was struggling with Mr. Suarez, defendant ran out of the house and came towards him with a machete. Mr. Ram-sarup testified that defendant attempted to swing the machete towards his head and his right arm was hit by the machete as he raised it to block the swing. Mr. Ramsar-up testified that there was blood everywhere and he ran to his truck. He attempted to call 911, but the fingers on his right hand were not working. Mr. |4Ramsarup testified that he drove around the corner to his yard and the individuals still working tied up his arm and he called 911. He testified that his cousin drove him back to defendant’s residence because that was the address he had given to the 911 operator. Mr. Ramsarup arrived back at the scene and the police and ambulance arrived. Mr. Ramsarup testified that he “passed out” and was taken by ambulance to the hospital for treatment. Mr. Ram-sarup testified that he lost feeling in his hand for almost a year and a half and at the time of the trial he still had a visible scar.
Officer Ronald Bertucci, a patrolman with the Kenner Police Department, testified that he helped with the investigation of the incident on Lesan Drive. After defendant returned to the scene, Officer Bertucci testified that defendant was advised of his rights. Defendant waived his rights and gave a voluntary statement. Officer Bertucci testified that he spoke with Mr. Ramsarup four days after the incident and then placed defendant under arrest because of the injury to Mr. Ram-sarup’s arm.[5]
*64 At trial, defendant presented a different version of the events. According to defendant, he heard Mr. Ramsarup’s call to Mr. Suarez and their argument over a grease gun. Defendant admitted that he heard Mr. Suarez tell Mr. Ramsarup “to come settle this like a man.” Defendant testified that Mr. Suarez told him that Mr. Ramsarup threatened to come over with a gun.[6] Defendant testified that he did not know Mr. Ramsarup, but he heard about how he treated his drivers. Defendant l^further testified that he heard Mr. Ram-sarup pull up and then he heard Mr. Ram-sarup fighting with Mr. Suarez. Although he did not see a gun, defendant testified that he feared for Mr. Suarez’s life because he thought Mr. Ramsarup had a gun.[7]
Defendant further testified that he was concerned that Mr. Suarez was unarmed because he saw Mr. Suarez’s gun on the kitchen floor. Defendant testified that he did not like guns and he grabbed the machete to scare away Mr. Ramsarup. Defendant testified that he swung the machete at a pole in the fence near Mr. Ramsarup’s legs in an attempt to cause a distraction to prevent Mr. Ramsarup from killing Mr. Suarez. Defendant testified that he accidently hit Mr. Ramsarup’s arm when Mr. Ramsarup moved his arm down in an attempt to strike Mr. Suarez. When Mr. Ramsarup ran to his truck after being struck, defendant testified that he discarded the machete on the other side of the fence, packed up his belongings and left the house out of fear. Defendant testified that he did return to the scene.
ANDERS BRIEF
Under the procedure set forth in State v. Benjamin, 578 So.2d 528, 530 (LaApp. 4 Cir.1990),[8] appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel has requested permission to withdraw as counsel of record. In the motion to withdraw, appellate counsel notes that a copy of his motion, the accompanying brief, and the pro se briefing notice has been mailed to defendant. As of the ren *65 dering of this opinion, defendant has not filed a pro se supplemental brief.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he concludes an appeal would be wholly frivolous after a conscientious examination of it.[9] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439,108 S.Ct. 1895,1902,100 L.Edüd 440 (1988).
In Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an An-ders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. An Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal |7is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108,1110.
In this case, defendant’s appellate counsel has complied with all the requirements necessary to file an Anders brief. Appellate counsel asserts that after a careful review of the record, he could find no non-frivolous issues to raise on appeal. He sets forth the procedural history of the case as well as a detailed recitation of the facts. Appellate counsel contends that the district court was correct in its denial of defendant’s pre-trial motion to suppress statement. No evidence was presented to challenge Officer Bertucci’s testimony that defendant communicated with him in English without difficulty, and he understood his rights and the waiver. Additionally, appellate counsel contends that although the voir dire was not transcribed, he consulted with trial counsel who advised that no issues arose during jury selection that would warrant review. Appellate counsel contends that the district court included all of the defense’s submitted proposed jury instructions, the defense had no objection to the district court’s response to the jury’s mid-deliberation question, the jury verdict appeared to have been in order and unanimous, and defendant’s sentence is not excessive.
As to the conviction, appointed appellate counsel states that the evidence at trial *66 was sufficient to support the responsive verdict of aggravated battery. Appellate counsel states that the evidence proved that Mr. Ramsarup received a Rcutting wound from the machete wielded by defendant. Defendant made a voluntary statement that he hit Mr. Ramsarup with the machete. Further, appellate counsel contends that the argument between the parties prior to Mr. Ramsarup being hit with the machete did not appear to be sufficient evidence that defendant acted in self-defense. Appellate counsel contends that the jury heard the evidence and had the right to decide the issue against defendant. Moreover, appellate counsel states that the district court did not err in denying defendant’s motion for new trial and post-verdict judgment of acquittal because the evidence presented at trial was sufficient to support the requisite factual conclusion by the trier of fact.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information in this case properly charged defendant[10] and presents no non-frivolous issues supporting an appeal. As required, it plainly and concisely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crimes charged. See La.C.Cr.P. arts. 464-466.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, his trial, his sentencing, and his resentencing. Defendant’s presence does not present any issue that would support an appeal. Additionally, the jury composition and concurrence was proper and the jury’s verdict does not present any issue that would support an appeal.
The record reveals that defendant filed pre-trial motions, including motions to suppress identification and evidence, which do not appear to have been ruled upon prior to trial. When a defendant does not object to the trial court’s failure to rule on a motion prior to trial, the motion is considered waived. State v. Lewis, 12J9029 (La.App. 5 Cir. 6/27/13), 121 So.3d 128, 132 n. 1 (citing State v. Wise, 05-221 (La.App. 5 Cir. 10/6/05), 916 So.2d 290, 293). The record does not include any pleadings or rulings that provide a basis for appeal.
Although the district court denied defendant’s motion to suppress statement, the district court’s ruling does not present any issue that would support an appeal. The testimony and evidence at trial showed that after being properly advised, defendant gave a voluntary statement admitting he struck and cut Mr. Ramsarup with a machete. The testimony also established that defendant understood and spoke English without any difficulty and is an American citizen. Additionally, defendant’s post-trial motions, including his motion for new trial and post-verdict judgment of acquittal, do not present any issues for appeal. The State presented sufficient evidence that Mr. Ramsarup suffered an aggravated battery by defendant, who cut Mr. Ramsarup with a machete.
Lastly, the resentencing in this case was proper. Defendant’s sentence falls within the sentencing range prescribed by La. R.S. 14:34, which at the time of the offense in 2011 provided that: “[wjhoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.” Defendant received a two-year sentence with the De *67 partment of Corrections and a fine of $500.00. Accordingly, defendant’s sentence does not present any issues that would support an appeal. Having concluded our independent review, we find that there are no non-frivolous issues and no rulings which arguably support an appeal.
ERRORS PATENT REVIEW
Defendant requests an errors patent review, which this Court routinely conducts in accordance with the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App.10 5 Cir.1990) regardless of whether defendant makes such a request. The following errors require corrective action.
The transcript reveals that when defendant was resentenced, the district court did not provide defendant with the time limitation for seeking post-conviction relief provided in La.C.Cr.P. art. 930.8. See La.C.Cr.P. art. 930.8. If a trial court fails to advise or provides an incomplete notice pursuant to La.C.Cr.P. art. 930.8, this Court may correct said error by informing the defendant of the applicable delay period for post-conviction relief by means of its opinion. State v. Domangue, 12-760 (La.App. 5 Cir. 5/23/13), 119 So.3d 690, 697 (citations omitted).
Thus, defendant is hereby informed that no application for post-conviction relief, including an application for an out-of-time appeal, shall be considered if it is filed more than two years after his conviction and sentence have become final under the provisions of La.C.Cr.P. art. 914 or La.C.Cr.P. art. 922.
Additionally, there are errors in the “State of Louisiana Uniform Commitment Order,” which reflects the incorrect date of the offense and the incorrect statute citation for the convicted offense. The Uniform Commitment Order reflects that defendant was convicted of La. R.S. “14:34.7,” and that the date of the offense was “05/09/11.” However, the record indicates that defendant was convicted of aggravated battery, which is a violation of La. R.S. 14:34, and that the correct date of the offense was May 5, 2011.
Accordingly, we remand this case for correction of the Uniform Commitment Order error regarding the date of the offense and the statute citation for the convicted offense. See State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142. We direct the Clerk of Court to transmit the original of the Uniform Commitment Order to the officer in charge of the institution to which Indefendant has been sentenced and the Department of Correction’s Legal Department. See La. C.Cr.P. art. 892B(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam). We further order that, in addition to the record copy, a separate copy of this opinion be delivered to the Clerk of Court of the Twenty-Fourth Judicial District Court for the Parish of Jefferson.
CONCLUSION
For the above stated reasons, defendant’s conviction and sentence are affirmed and we remand for corrections in compliance with this opinion. Appellate counsel’s motion to withdraw is hereby granted.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.

. We note that the Bill of Information listed the charged offense as “second degree battery” instead of "aggravated second degree battery.” However, we find that the error did not mislead defendant to his prejudice and that no corrective action is required. See La. C.Cr.P. art. 464; State v. Robicheaux, 412 So.2d 1313, 1320-21 (La. 1982).

. We note that the district court failed to state that defendant’s sentence was to be served "at hard labor” as reflected in the commitment. However, the district court did provide that defendant’s sentences were to be served with the "Department of Corrections." Only those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. See La. R.S. 15:824C; State v. England, 09-746 (La.App. 5 Cir. 3/9/10), 38 So.3d 383, 388 n. 5; State v. Vance, 06-452 (La.App. 5 Cir. 11/28/06), 947 So.2d 105, 109 n. 3, writ denied, 07-152 (La.9/28/07), 964 So.2d 351.

. The record reveals that in order to conform to the 2011 version of the statute that was in effect at the time of the offense, the district court omitted the requirement that the first year of the sentence be served without benefits as ordered in the original sentence.

. Defendant was resentenced by the district court after his motion for appeal had already been granted. A premature appeal need not be dismissed when a sentence is imposed after the motion for appeal. See La.C.Cr.P. art. 916; State v. Lampkin, 12-391 (La.App. 5 Cir. 5/16/13), 119 So.3d 158, 161-62.

. Mr. Ramsarup testified that he received a summons for simple battery and aggravated assault based on a statement made by Mr. *64 Suarez to the police that Mr. Ramsarup had a gun. Mr. Ramsarup testified that he never had to go to court regarding those charges. Sergeant Stephen Aspiron testified that Mr. Suarez made a complaint to the police about Mr. Ramsarup coming to the house fighting, indicating that Mr. Ramsarup used a gun. Sergeant Aspiron stated that no gun was searched for or found, and there was no evidence that a gun was used.

.Mr. Suarez testified on behalf of the defense. He testified that Mr. Ramsarup told him that he was coming over and that Mr. Ramsarup had threatened him with a gun. Mr. Suarez testified that he did not believe that Mr. Ramsarup would actually show up. Mr. Suarez further testified that when Mr. Ramsarup arrived at his house, he told Mr. Ramsarup that he did not have the grease gun and Mr. Ramsarup put a gun to his chest. Mr. Suarez testified that he realized that "something slapped behind me, and then he [Mr. Ramsarup] told me, 'Your friend cut me. I get cut.’ ". He further testified that defendant stated that he was the one who cut Mr. Ramsarup.

. On rebuttal, Mr. Ramsarup testified that he did not own a gun nor did he bring a gun with him when he went to Mr. Suarez’s residence. He testified he only went to Mr. Suarez's residence to retrieve his grease gun.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam ), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. See footnote 1, supra.