STATE OF LOUISIANA

VERSUS

DAVID JAVIER COREA-CALERO

NO. 22-KA-117

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-178, DIVISION "M"
HONORABLE SHAYNA BEEVERS MORVANT, JUDGE PRESIDING


December 28, 2022


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Robert A. Chaisson, and Hans J. Liljeberg


**AFFIRMED; REMANDED**

 **HJL**
 **SMC**
 **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

_Alexis Barteet_
Alexis Barteet
Assistant Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Monique D. Nolan

COUNSEL FOR DEFENDANT/APPELLANT,
DAVID JAVIER COREA-CALERO
    Katherine M. Franks

**LILJEBERG, J.**

Defendant, David Javier Corea-Calero, seeks review of his ten-year sentence for his conviction of felony carnal knowledge of a known juvenile on the basis of constitutional excessiveness. For reasons stated more fully below, we affirm defendant's sentence and remand to the trial court to correct the Uniform Commitment Order (UCO).

## PROCEDURAL BACKGROUND

On February 1, 2021, the Jefferson Parish District Attorney filed a bill of information alleging that defendant, on or between August 7, 2019 and April 7, 2020, violated La. R.S. 14:80 by committing "carnal knowledge of a known juvenile . . . by having consensual vaginal/penile intercourse with said juvenile." According to the bill of information, at the time the sexual relationship started, defendant was thirty-four years old and the victim was fourteen. Defendant was arraigned on February 3, 2021, and pleaded not guilty.

On December 15, 2021, a unanimous six-person jury found defendant guilty as charged. The trial court sentenced defendant to ten years imprisonment at hard labor on January 6, 2022. On January 12, 2022, defendant filed a motion for reconsideration of his sentence and a motion for appeal. The trial court denied the motion to reconsider sentence on January 28, 2022, and then granted defendant's motion for appeal. Defendant argues on appeal that his ten-year sentence was constitutionally excessive.

## FACTS

At trial, A.U.[1] testified that after moving from Nicaragua to Metairie, Louisiana with her teenage daughter, C.O., as well as her other children in August

---

[1] In the interest of protecting minor victims and victims of sexual offenses as set forth in La. R.S. 46:1844(W)(3), the judges of this Court have adopted a policy that this Court's published work will use only initials to identify the victim and any defendant or witness whose name can lead to the victim's identity (i.e., parent, sibling, or relative with the same last name as the victim). *State v. E.J.M., III*, 12-774, 12-732 (La. App. 5 Cir. 5/23/13), 119 So.3d 648.

1

2019, she temporarily lived with defendant in his apartment for three months. A.U. found a job working nights and would arrive home from work at 6:00 a.m., sleep during the day, and leave again for work around 5:00 or 6:00 p.m. During this time, a consensual sexual relationship developed between C.O. and defendant.

C.O. testified that after her family moved into defendant's apartment, she engaged in a boyfriend/girlfriend relationship with defendant for about seven or eight months. C.O. and defendant saw each other every day and spent time together when her mother was not at home. C.O. did not tell her mother about the relationship because she knew they would get into trouble. C.O. confirmed that she had physical contact with defendant and that they had sex when she was fifteen years old. She explained that she and defendant wanted to have sex with each other and that they had sex more than one time.

C.O. recalled that after several months, defendant moved to a nearby apartment on another floor, but they continued their relationship. In January 2020, C.O. became worried that she was pregnant. She informed defendant and he obtained a pregnancy test, which was positive. C.O. indicated that after learning about her pregnancy, defendant told her that he previously had a vasectomy in an attempt to convince C.O. that he could not be the father. C.O. denied that there were any other potential fathers.

A.U. learned that C.O. was pregnant approximately four months into her pregnancy. A.U. testified that C.O. did not want to tell her the name of the father, but after she insisted, C.O. admitted that it was defendant. They then decided to contact the police and a friend made a 9-1-1 call. The caller indicated that defendant moved when he learned that A.U. knew about his sexual relationship with the minor child and the resulting pregnancy. A.U. testified that at that time, they were no longer aware of where defendant was living.

2

After the police became involved, A.U. brought C.O. to the Children's Advocacy Center (CAC). Aubrey Ziegler testified that she was employed by the Gretna Police Department as a forensic interviewer for the Jefferson Parish CAC. She further testified that she conducted a forensic interview with C.O., and she confirmed that a DVD of the interview was made. During the interview, C.O. told Ms. Ziegler that she and defendant had a "boyfriend girlfriend relationship." C.O. indicated that their relationship was "secretive," and that she was not using any type of protection for about six or eight months of their relationship. C.O. indicated that they did not have sex every day and that it "was a couple of times."

During the interview, C.O. recalled that in January 2020, she had sex with defendant in her bedroom when no one else was around. C.O. recalled learning that she was pregnant a couple of days afterward. After she told defendant, she recalled him telling her that he was going to move to another apartment because his work finished. Defendant also told C.O. that he would take her to a clinic where "they would remove the baby." C.O. explained that she did not want to "get the baby removed," and she told defendant that she did not want to go. C.O. said she was no longer in a relationship with defendant because she found out he was with another woman, who was also pregnant. C.O. testified at trial that she gave birth to her daughter, A.G., on October 13, 2020.

April Solomon, a forensic DNA analyst with the Jefferson Parish Sheriff's Office DNA laboratory, testified that she prepared a DNA lab report in connection with this case. To compile her report, Ms. Solomon analyzed buccal swabs taken from C.O., her baby, and defendant. She explained that based upon the DNA profiles from all three references, she concluded that defendant could not be excluded as the biological father of A.G. She testified that defendant was greater than a hundred billion times more likely to be the father of A.G. than another

3

randomly selected male. She also concluded that the relative probability of paternity is 99.99%.

## DISCUSSION

In his sole assignment of error, defendant argues that his ten-year sentence is constitutionally excessive. He contends that the trial judge erred in imposing the maximum available sentence because he is a first offender and engaged only in consensual sex with C.O. Defendant argues that maximum sentences are reserved only for the worst offenders. Defendant further contends that he was not in a position of authority because the relationship continued after they lived in separate apartments, and there is no indication that the relationship had a psychological impact on C.O. Defendant argues that probation would have allowed him to honor his offer to support his child and would have relieved the victim's mother of the financial burden.

The State responds that the ten-year sentence is not constitutionally excessive. The State asserts that defendant, who knew C.O. and her mother were in a vulnerable situation, abused his position of trust to exploit C.O. while they lived together. C.O., who was only fifteen years old, became pregnant and now has the responsibility of motherhood at a young age. The State explains that defendant denied paternity and moved when he found out C.O. was pregnant. The State argues that the sentence was not excessive when considering the nature of the crime, the nature and background of the offender, and the sentences imposed by this Court and other courts.

At the sentencing hearing on January 6, 2022, the trial judge provided the following reasons for imposing the ten-year sentence:

> There was over a 20 year age difference between this victim and the Defendant. The victim was a minor child who I believe, after hearing the testimony, the Defendant gained her trust as she and her mother immigrated here and took advantage of that trust, took advantage of that position and began a relationship with someone, who was

4

absolutely a child, who was 14, 15 at the time this started. That child, this victim, now also has a child of her own as a result of this. She's had to grow up, become a mother when she should be experiencing childhood. The Court is also aware that the victim had to come here, face a jury of people to testify and told this Court about how she was new in this country, left alone while her mother went to work to try to provide for them. It was during those times that the Defendant took advantage of her and began what she described as a relationship. Thereafter, there was no way this victim could have even attempted to leave as she was stuck in the house with the Defendant. Upon becoming pregnant and going to the Defendant, the Defendant chose to change his address, move and indicate there was no way this was his child.

In consideration of all the above, the Court does find that the appropriate sentence in this case is 10 years Department of Corrections at hard labor, credit for all time served.

On January 12, 2022, defendant filed a motion for reconsideration of his sentence. At the hearing on January 28, 2022, defendant requested that the court reconsider his sentence, arguing that he was a first-time offender, and he will be placed in deportation proceedings upon his release from the Department of Corrections. The trial court denied the motion to reconsider sentence, noting the following:

The Court, having sat through the trial, first notes that the sentence is within the legal sentencing range. The Court further has reviewed a Third Circuit case from 2019, State versus Young, 270 So.3d 770, wherein the Third Circuit reviewed a potential excessive sentence for the charge of carnal knowledge. The factors the Third Circuit cited in affirming the trial court concluded a number of factors this Court pointed to in the original sentencing hearing. For example, Mr. Corea-Calero lived with the victim. He took advantage of the time when the victim's mother was out working, the victim having immigrated here and living with Mr. Corea-Calero until she and her mother could establish themselves. There is now a minor child, a baby, that will be raised by a single mother and her grandmother, and there is no way that these incidents will not have a long-term lasting impact on all three of those individuals.

The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. *State v. Calloway*, 19-335 (La. App. 5 Cir. 12/30/19), 286 So.3d 1275, 1279, *writ denied*, 20-266 (La. 7/24/20), 299 So.3d 69. A sentence is considered excessive, even if it

5

is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. *State v. Alvarez*, 08-558 (La. App. 5 Cir. 8/31/10), 47 So.3d 1018, 1022.

A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and therefore, is given broad discretion when imposing a sentence. *State v. Diaz*, 20-381 (La. App. 5 Cir. 11/17/21), 331 So.3d 500, 519-20, *writ denied*, 21-1967 (La. 4/5/22), 335 So.3d 836. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. *Id*. at 520. The review of sentences under La. Const. art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case. *State v. Williams*, 07-1111 (La. 12/7/07), 969 So.2d 1251, 1252.

The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D); *Diaz*, 331 So.3d at 520. In reviewing a trial court's sentencing discretion, the reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. *Id.* However, there is no requirement that specific matters be given any particular weight at sentencing. Generally maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. *Id*.

The jury convicted defendant of felony carnal knowledge of a known juvenile. La. R.S. 14:80(D)(1) provides that whoever commits the crime of felony carnal knowledge of a juvenile "shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both, provided that the defendant shall not be eligible to have his conviction set aside or

6

his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893."

We find that the ten-year sentence is not constitutionally excessive. As to the nature of the crime, as well as the nature and background of the offender, the evidence established that defendant was thirty-five years old when he impregnated a fifteen-year-old victim during a secret, sexual relationship, while her mother was at work providing for the family. C.O. testified that they did not use protection, and she subsequently became pregnant with defendant's child. After learning of her pregnancy, defendant told C.O. that he had already had a vasectomy in order to convince her that he was not the father. Defendant also told C.O. that he would take her to a clinic to get rid of the baby, but she refused. Defendant then moved and C.O. did not know where defendant went. C.O. is now a minor raising a child and this situation will have long-lasting impacts on C.O., her mother, and her child.

Furthermore, the jurisprudence reflects that courts have imposed similar sentences for similar crimes. In *State v. Lapoole*, 51,199 (La. App. 2 Cir. 2/15/17), 215 So.3d 430, 433, *writ denied*, 17-618 (La. 11/28/17), 230 So.3d 220, the appellate court found that a ten-year sentence for the same conviction, felony carnal knowledge of a juvenile, was not grossly disproportionate to the seriousness of the offense under similar circumstances. The defendant in *Lapoole* was forty years old at the time of the offense and a first-time felony offender, with one prior DWI conviction. The victim, who was fifteen years old at the time of the offense, was in the defendant's home as a foster child, after being removed from her mother's home due to physical abuse. Just as in the present matter, the victim became pregnant. Despite DNA testing showing a 99.99% chance that the defendant was the father of the victim's child, the defendant "steadfastly denied any involvement." In determining that the sentence was not excessive, the trial

court found that the defendant abused his position of trust and that the betrayal resulted in the pregnancy of a child. *Id.*

In *State v. Logwood*, 37,178 (La. App. 2 Cir. 5/14/03), 847 So.2d 115, the defendant pleaded guilty as charged to one count of carnal knowledge of a juvenile, a violation of La. R.S. 14:80, and to two counts of indecent behavior with a juvenile, violations of La. R.S. 14:81. The trial court imposed concurrent sentences of ten years on the carnal knowledge of a juvenile charge and five years each on the other two counts. *Id.* at 117. The fifteen-year-old victim in *Longwood* began living with her aunt and the defendant, who was her forty-four-year-old uncle. The defendant sexually abused the victim on multiple occasions by fondling her and engaging in sexual intercourse. The abuse was discovered after the victim became pregnant. On appeal, the Second Circuit found that the sentences imposed were lawful because the defendant abused a vulnerable child over whom he had supervisory authority and responsibility. *Id.*

In *State v. Quezada*, 13-1318 (La. App. 4 Cir. 5/21/14), 141 So.3d 906, 909, *writ denied*, 14-1328 (La. 1/23/15),159 So.3d 1057, the appellate court upheld a nine-year sentence for a defendant who was a first offender and convicted of felony carnal knowledge of a juvenile. The fifteen-year-old victim moved with the thirty-nine-year-old defendant, who was a family friend, to New Orleans. Both the victim and defendant were born in Ecuador and neither was a United States citizen. The victim testified that she engaged in vaginal intercourse with the defendant two times. At trial, the defendant denied ever having sex with the victim. The Fourth Circuit found that these facts supported the defendant's nine-year sentence and the trial court did not abuse its discretion.

Furthermore, although defendant in the present matter argues his sentence is excessive because the sex was consensual, the statutory language of La. R.S. 14:80 acknowledges "consent." *See* La. R.S. 14:80 ("A person who is seventeen years or

8

older has sexual intercourse, **with consent**, with a person who is thirteen years of age or older but less than seventeen years of age…") (emphasis added); *see also State v. Granier*, 99-3511 (La. 7/6/00), 765 So.2d 998, 1001, where the Louisiana Supreme Court explained that the purpose of La. R.S. 14:80 is to protect juveniles regardless of their consent:

> In adopting this statute, the legislature has made the determination to protect juveniles below a specified age from sexual intercourse. The policy underlying such a statute is a presumption that, because of their innocence and immaturity, juveniles are prevented from appreciating the full magnitude and consequences of their actions. At the heart of these types of statutes is the concern that juveniles should not be exploited for sexual purposes regardless of their "consent."

Considering the foregoing, we find that the trial court did not abuse its discretion by imposing a ten-year sentence.

## ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).

*Discrepancies*

The State of Louisiana Uniform Sentencing Commitment Order (UCO) incorrectly reflects the date of the offense as August 7, 2019. However, the record reflects that the dates of the offense occurred on or between August 7, 2019 and April 7, 2020. Additionally, the UCO fails to include as a "Sentence Condition" that defendant shall comply with the Sex Offender Registration statute under the provisions of La. C.Cr.P. art. 895 and La. R.S. 15:541, *et seq*. The UCO specifically contains an unchecked box next to a statement that defendant shall comply with these requirements. The record reflects that the trial court informed defendant that he was required to comply with the sex offender notification/registration requirements, and a written copy is included in the record. The advisal is also included in the sentencing minute entry.

9

To ensure accuracy in the record, we remand this matter for the trial court to correct the UCO to reflect the entire date range of the offense and to reflect that defendant shall comply with the Sex Offender Registration statute. We further direct the Clerk of Court for the 24th Judicial District Court to transmit the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. *See State v. Lane*, 20-181 (La. App. 5 Cir. 1/27/21), 310 So.3d 794.

*Post-Conviction Relief Advisal*

Upon review of the record, we also determine there is a discrepancy between the sentencing minute entry and the sentencing transcript as to the advisal of the time period for seeking post-conviction relief as required by La. C.Cr.P. art. 930.8. The sentencing minute entry indicates that "he/she has thirty (30) days from today's date to appeal this conviction, and two (2) years after judgment of conviction and sentence has become final to seek post-conviction relief." However, a review of the transcript of the proceedings on January 6, 2022, reveals that the trial judge did not advise defendant of the prescriptive period for filing post-conviction after his sentencing.

If a trial court fails to advise or provides an incomplete notice pursuant to La. C.Cr.P. art. 930.8, this Court may correct the error by informing the defendant of the applicable delay period for post-conviction relief by means of its opinion. *State v. Rivera*, 13-673 (La. App. 5 Cir. 1/31/14), 134 So.3d 61, 67. Thus, we inform defendant by this Court's opinion that no application for post-conviction relief, including an application for an out-of-time appeal, shall be considered if it is filed more than two years after his conviction and sentence have become final under the provisions of La. C.Cr.P. art. 914 or La. C.Cr.P. art. 922.

**AFFIRMED; REMANDED**

10

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 28, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-KA-117

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE SHAYNA BEEVERS MORVANT (DISTRICT JUDGE)
MONIQUE D. NOLAN (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          KATHERINE M. FRANKS (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053