EDWARDS, JUDGE PRO TEMPORE, J.
On appeal, defendant's appointed appellate counsel has filed an Anders[1] brief on defendant's behalf, asserting there is no basis for a non-frivolous appeal. Further, defendant has filed a pro se supplemental brief assigning three errors. For the following reasons, we affirm defendant's sentence, advise him of the time limitation for seeking post-conviction relief, and grant appellate counsel's motion to withdraw as attorney of record.
FACTS AND PROCEDURAL HISTORY
In 1993, defendant, Vernon Francis, who was tried as an adult at the age of 16 years, was convicted of the second degree murder of Shannon Cooks in violation of LSA-R.S. 14:30.1. He was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant's conviction and sentence were affirmed on appeal. State v. Francis , 93-953 (La. App. 5 Cir. 03/16/94), 635 So.2d 305. In 2013, defendant sought a hearing for parole eligibility,[2] pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 2466, 183 L.Ed.2d 407 (2012), which was held on May 12, 2017. At the conclusion of the hearing, the trial court vacated defendant's life sentence and resentenced him to life imprisonment with parole eligibility upon serving 25 years of his sentence. Defendant was thereafter granted *202 an out-of-time appeal on September 20, 2017.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929, pp. 3-4 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , supra , and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[4] The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).
In State v. Jyles , 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 95-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
ANALYSIS
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel indicates that the trial court sentenced defendant to the mandatory minimum and granted him parole *203 eligibility with credit for time served. Counsel further notes that there were no objections made during this sentencing and no new motions were filed that would give rise for additional appeals or claims. Appellate counsel has filed a motion to withdraw as attorney of record and has mailed defendant a copy of his brief.
The State agrees with appellate counsel that there are no non-frivolous issues to be raised on appeal and urges that this Court should grant appellate counsel's motion to withdraw.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, we affirm defendant's sentence and conviction and grant appellate counsel's motion to withdraw as attorney of record.
Defendant raises three pro se assignments of error in his supplemental brief, which are addressed below.
PRO SE ASSIGNMENT OF ERROR NUMBERS ONE AND TWO
In his first pro se assignment of error, defendant asserts that his appellate counsel is ineffective for failing to assign as error that defendant's appointed counsel for sentencing was also ineffective for "not challenging the impermissible retroactive application that would occur if the provision of [ La. C.Cr.P. art.] 878.1 & [La.] R.S. 15:574.4(E) were to be applied to his collateral review sentence". In his second pro se assignment of error, defendant argues that the trial court's retroactive application of La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E) is impermissible and that he should have instead been sentenced to the most serious penalty for the next lesser offense of manslaughter.
We first note that the issue of the retroactive application of Miller has been addressed by the U.S. Supreme Court and the Louisiana Supreme Court. In Miller, supra , the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. Thereafter, in State v. Tate , 12-2763 (La. 11/5/13), 130 So.3d 829, cert. denied , --- U.S. ----, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014), the Louisiana Supreme Court held that Miller , which set forth a new rule of constitutional procedure for sentencing, was not subject to retroactive application and was to be applied prospectively only. The Tate court further held that La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E)(1), which codified the Miller rule, applied prospectively only. However, in January of 2016, the United States Supreme Court in Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), abrogated the Tate decision and held that Miller retroactively applied to defendants whose convictions and sentences became final prior to the Miller decision. On remand, in State v. Montgomery , 13-1163 (La. 6/28/16), 194 So.3d 606, 607, the Louisiana Supreme Court explained:
To implement Miller's "meaningful opportunity to obtain release" for those juveniles who commit murder but are not found to be irreparably corrupt, the Legislature in 2013 La. Acts 239 enacted La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E). Article 878.1 requires the District Court to conduct a hearing "[i]n any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under *204 the age of eighteen years at the time of the commission of the offense ... to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E)." La. R.S. 15:574.4(E) then provides the conditions under which any person serving a sentence of life imprisonment for first or second degree murder committed under the age of 18 can become parole eligible, provided a judicial determination has been made the person is entitled to parole eligibility pursuant to Article 878.1.
In State v. Jones , 15-157 (La. App. 5 Cir. 9/23/15), 176 So.3d 713, this Court previously considered an argument identical to the one instantly raised by defendant, to wit: because the mandatory sentencing provision under which he was originally sentenced was ruled unconstitutional, his sentence is illegal and he should be resentenced according to the penalties provided for the lesser responsive verdict of manslaughter. In Jones , supra , the defendant was convicted of second degree murder and ultimately afforded a Miller hearing, after which he was sentenced to life imprisonment at hard labor with parole eligibility after 35 years, in accordance with La. R.S. 15:574.4(E). As in the instant case, the defendant argued on appeal that his sentence constituted an ex post facto application of the law because Miller was decided after his conviction and original sentencing. In affirming the defendant's sentence, we held, in pertinent part:
[w]e reject defendant's contention that the appropriate remedy is to resentence him to the next lesser responsive verdict of manslaughter. Rather, the remedy for noncompliance with Miller is to remand the matter for the sentencing court to reconsider defendant's sentence after conducting a hearing to consider defendant's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense.
Jones , 176 So.3d at 720, [Citations omitted].
Similarly, in the instant case, defendant has been afforded relief permissible under Miller , pursuant to the trial court's proper application of La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E). Accordingly, we find no merit to the defendant's argument. Relatedly, because this substantive issue is without merit, defendant's claim that his appellate counsel is ineffective for failure to assign as error that his counsel at sentencing was ineffective for failing to raise it is also without merit. See State ex rel. Roper v. Cain , 99-2173 (La. App. 1st Cir. 10/26/99), 763 So.2d 1, 5 (per curiam ), writ denied , 00-0975 (La. 11/17/00), 773 So.2d 733.
PRO SE ASSIGNMENT OF ERROR NUMBER THREE
In his third pro se assignment of error, defendant appears to argue that the district court judge erred in failing to make a downward departure in his sentence pursuant to State v. Dorthey , 623 So.2d 1276 (La. 1993). The record does not indicate that defendant filed a Dorthey motion prior to his Miller hearing. Nor did defendant object on the date of his sentencing to life imprisonment with parole eligibility upon serving 25 years of his sentence with credit for time served. Defendant also did not file a motion for reconsideration of sentence. Accordingly, we find that defendant is precluded from now raising this issue on appeal. See La. C.Cr.P. art. 881.1.[5]
*205 ERROR PATENT DISCUSSION
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990) regardless of whether defendant makes such a request. Nevertheless, defendant received an error patent review in his first appeal by this Court. Therefore, this error patent review is limited to the resentencing. See State v. Taylor , 01-452, p. 10 (La. App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, writ denied , 01-3326 (La. 1/10/03), 834 So.2d 426.
Our review reveals that the trial judge did not advise defendant of the provisions of La. C.Cr.P. art. 930.8. The commitment also does not reflect that the trial judge advised defendant of these provisions. If a trial court fails to advise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. See State v. Brooks , 12-226 (La. App. 5 Cir. 10/30/12), 103 So.3d 608, writ denied , 12-2478 (La. 4/19/13), 111 So.3d 1030. Accordingly, we advise defendant by way of this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.
DECREE
Accordingly, for the reasons provided herein, defendant's sentence is affirmed and appellate counsel's motion to withdraw as attorney of record is hereby granted.
SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED

Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

First, on June 20, 2013, defendant filed a pro se motion to correct illegal sentence. The record does not show that a hearing was held on that motion. Next, on May 8, 2016, defendant filed another pro se motion to correct illegal sentence, again asking for a new sentencing hearing. On December 13, 2016, defendant filed a pro se memorandum regarding sentencing under Miller , supra , that was similar to his previously filed motions.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

However, the trial court provided lengthy explanations and numerous reasons for his decision. The record reflects that the trial judge considered a number of factors at the Miller hearing, including: the testimony of defendant, the original record, positive letters of character reference from wardens at Angola, and "numerous certificates from the courses that the defendant took for self-improvement, bible studies, G.E.D., anger management, and as a registered tutor to help the other inmates that he was thrown into contact with."