STATE OF LOUISIANA

VERSUS

REGINALD BRADLEY

NO. 22-KA-191

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 20-3077, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

December 21, 2022

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Hans J. Liljeberg, and John J. Molaison, Jr.

**AFFIRMED; MOTION TO WITHDRAW GRANTED**
    **JJM**
    **SMC**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Joshua K. Vanderhooft
     Brittany Beckner

COUNSEL FOR DEFENDANT/APPELLANT,
REGINALD BRADLEY
     Reginald Bradley
     Bertha M. Hillman

**MOLAISON, J.**

On appeal, defendant's appointed appellate counsel has filed an *Anders*[1] brief on defendant's behalf, asserting there is no basis for a non-frivolous appeal. In addition, defendant has filed a *pro se* brief urging several assignments of error. For the following reasons, we affirm defendant's convictions and sentences and further grant appellate counsel's motion to withdraw as attorney of record.

## PROCEDURAL HISTORY

On June 10, 2020, the Jefferson Parish District Attorney filed a bill of information charging defendant, Reginald Bradley, with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one),[2] possession of a firearm while in possession of a controlled dangerous substance, to wit: Buprenorphine (Suboxone) in violation of La. R.S. 14:95(E) (count two), resisting a police officer with force or violence in violation of La. R.S. 14:108.2 (count three), and possession of a firearm with obliterated numbers or marks in violation of La. R.S. 14:95.7(C)(1) (count four). Defendant pled not guilty at arraignment.

On August 19, 2021, a superseding bill of information was filed wherein the State amended count two to possession of a firearm while in possession of a controlled dangerous substance, to wit: Buprenorphine (Suboxone) or cocaine, after which defendant was re-arraigned and pled not guilty. The court then took up defendant's motion to suppress evidence, which was denied.

Following the denial of the motion to suppress, the case was tried before a twelve-person jury that unanimously found defendant guilty as charged as to all

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] The State filed a bill of information alleging that on or about April 28, 2020, defendant violated La. R.S. 14:95.1 in that he had in his possession a firearm, to wit: a Smith & Wesson 9 mm handgun with an obliterated serial number having been previously convicted of "use of firearm/CDS" (14:95(E)) in case number 13-3588 on November 20, 2013; of simple burglary (14:62) in case number 04-7401 on October 23, 2007; and of armed robbery with a firearm (14:64.3) in case number 04-6518 on October 23, 2007 in the 24th Judicial District Court in Jefferson Parish.

counts. On September 24, 2021, the trial court sentenced defendant to imprisonment at hard labor for twenty years without benefit of parole, probation, or suspension of sentence on count one; imprisonment at hard labor for five years without benefit of parole, probation, or suspension of sentence on count two; and imprisonment at hard labor for one year each on counts three and four to run concurrently with each other and with the sentences on counts one and two. The trial court also ordered those sentences to run concurrently with the sentence in case number 20-3130.[3] The State thereafter on that same date filed a multiple offender bill of information on count one alleging defendant to be a second-felony offender.[4]

On October 5, 2021, a multiple bill hearing was held, and the trial court found defendant to be a second-felony offender. The original sentence on count one was vacated and defendant was resentenced under the multiple bill statute to "thirty-five years"[5] without benefit of parole, probation, or suspension of sentence to run concurrently with the sentences on counts two, three, and four and the sentence in case number 20-3130.

On December 21, 2021, defendant filed a *pro se* Notice of Appeal. The trial court granted the motion for appeal finding that it was timely, referencing a letter from defendant to the Clerk of Court filed on November 2, 2021, regarding his intent to appeal.

---

[3] There was a simultaneous bench trial in case number 20-3130. Defendant was convicted of the misdemeanor offense of possession of a synthetic cannabinoid in violation of La. R.S. 40:966(C), which is not before this Court on appeal.

[4] The predicate offense in the multiple bill is possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 in case number 15-3915. In that case, defendant pled guilty as charged on March 2, 2018, and was sentenced on that same date to fifteen years at hard labor.

[5] The transcript reflects that the trial court did not state that the enhanced sentence was to be served at hard labor although La. R.S. 15:529.1(G) requires the sentence to be served at hard labor. The sentencing minute entry shows that the trial court imposed the enhanced sentence at hard labor. The uniform commitment order provides that the amount of time in "DPS&C" custody was thirty-five years. La. R.S. 15:529.1(G) requires the enhanced sentence to be served at hard labor. Because La. R.S. 15:529.1(G) requires the enhanced sentence to be served at hard labor, affording the trial judge no discretion, no corrective action is necessary. *State v. Brown*, 16-301 (La. App. 5 Cir. 12/7/16), 205 So.3d 1032, 1041, *writ denied*, 17-163 (La. 9/29/17), 227 So.3d 283; *State v. Holmes*, 12-351 (La. App. 5 Cir. 12/11/12), 106 So.3d 1076, *writ denied*, 13-86 (La. 6/14/13), 118 So.3d 1080.

**FACTS**

At trial, Officer Andre Nelson Jr., of the Westwego Police Department testified that on April 28, 2020, he initiated a traffic stop while patrolling the area of the Westbank Expressway and Avenue C, when he observed a silver 2007 Dodge Caravan minivan with no license plate or temporary tag, which he explained was a violation of Louisiana law. After speaking with the driver, Marian Garcia, Officer Nelson issued a citation to her for no license plate, no proof of insurance, and a suspended driver's license.

Officer Nelson testified that he had Ms. Garcia and the three male passengers exit the vehicle so he could safely acquire the VIN number. After the occupants exited the vehicle, one occupant, later identified as defendant, Reginald Bradley, started to flee. Officer Nelson testified that defendant stumbled twice during the chase and then defendant turned a corner and immediately fell onto the ground. Officer Nelson testified that when defendant rolled over, he observed defendant's hand on a gun in his waistband. Officer Nelson screamed "gun" to alert Officer Samuel Norton, another officer at the scene.

Officer Nelson recalled that he did not know where defendant's gun was at all times while defendant was on the ground. He testified that defendant placed his hands around his waistband area where Officer Nelson last saw the gun.

Officer Nelson testified that they later retraced defendant's path of flight and found a bag of white powdered substance, which they believed to be cocaine, in a location where defendant had stumbled. Defendant's firearm, that contained live rounds, was retrieved. Defendant was arrested and during a search incidental to arrest, Officer Nelson found a black bag containing what they believed to be marijuana. However, Officer Nelson explained that a field test showed the presence of synthetic chemicals. Packets or strips of Suboxone were found in defendant's wallet. Officer Nelson asserted that they also located a "huge wad of

cash," which he thought was suspicious based on his previous narcotics experience.

Officer Norton testified that on April 28, 2020, he was called to assist with the traffic stop in the instant case because of the number of occupants in the vehicle.[6] He further testified that when he arrived at the scene, there were "one or two" occupants outside the vehicle and two occupants inside the vehicle. He recalled that the second occupant of the vehicle, (defendant), came around the back of the vehicle, that they made eye contact, and defendant then fled down Avenue C.

Officer Norton explained that he and Officer Nelson chased defendant down Avenue C then found him in an alleyway. Officer Norton stated that during the chase, defendant stumbled and that he (Officer Norton) drew his taser. When Officer Norton saw defendant approach the alleyway between two houses, he yelled "taser" announcing that he was ready to fire. Officer Norton said that he then fired his taser, after which defendant fell again, and that they came into contact with defendant in the alleyway. He testified that while they were in the alleyway, the light on his taser illuminated a firearm between defendant's legs. Officer Norton further testified that he "announced it," after which defendant picked up the firearm and tossed it over an adjacent four-foot fence. He attempted to taser defendant again but that there was no effect because only one prong had hit defendant. Officer Norton testified that eventually defendant submitted, was placed in handcuffs, and secured in the back of a police unit.

Brian Schulz, who was accepted as an expert in the field of analysis and identification of controlled dangerous substances, testified that he worked as a forensic chemist for the Jefferson Parish Sheriff's Office (JPSO) Crime Lab. He analyzed the evidence seized in this case and prepared a report. According to Mr.

---

[6] Footage from Officer Norton's body camera, which captured the incident, was played for the jury.

Schulz's testimony and his report, the material in Specimen One (State's Exhibit 11), the plastic bag containing a white powder substance, was found to contain cocaine and weighed approximately twelve grams; the material in Specimen Two (State's Exhibit 13), and the material in Specimen Three (State's Exhibit 12), the plastic bag containing five packages marked "Suboxone," was positive for Buprenorphine.

Alexis Rivera, who was accepted as an expert in the field of firearm and tool mark examination, testified that any gun that was imported or sold in the United States was required to have a serial number. She examined the Smith and Wesson 9 mm semi-automatic pistol seized in this case, and found that the serial number had been scratched off or removed. The examination revealed that the gun was operable and they were able to restore the serial number. Ms. Rivera testified that the serial number was not obliterated by wear and tear because the rest of the gun did not show wear and tear.

Deputy Donna Quintanilla, who was accepted as an expert in the field of fingerprint analysis and comparison, testified that she was a certified latent print examiner with the JPSO Crime Lab. She stated that she obtained fingerprints from defendant that day on a ten-print card. Deputy Quintanilla indicated that defendant's fingerprints matched the fingerprints relating to his three prior convictions in count one of the bill of information - possession of a firearm by a convicted felon.

**ANDERS BRIEF**

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[7] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and

---

[7] In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, *supra*, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[8] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).

In *State v. Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

---

[8] The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

In her brief, defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel states that the superseding bill of information shows that defendant was properly charged and that the minute entries reflect that defendant appeared at all crucial stages of the proceedings against him. Counsel asserts that the trial was properly conducted, that the verdicts rendered by the twelve-person jury were unanimous, and that the trial court imposed legal sentences within the statutory ranges. She further provides that although defense counsel filed some pre-trial motions that were not ruled upon, he did not object, and therefore, the motions are considered waived. Counsel asserts that the charges were properly joined since they arose out of the same transaction or occurrence.

Appellate counsel has filed a motion to withdraw as attorney of record, which states that she has filed an *Anders* brief and that she has notified defendant of the filing of this motion and his right to file a *pro se* brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had until June 22, 2022, to file a *pro se* supplemental brief. As discussed *infra*, defendant filed a *pro se* supplemental brief.

In response, the State asserts that appellate counsel has conformed with and followed the procedures set forth in *Anders* and *Jyles* and should be granted the request to withdraw. The State points out that the bill of information sufficiently identified defendant and the crimes charged, that defendant appeared at all crucial stages of the proceedings, that there are no rulings that provide an available basis for appeal, and that the other pre-trial motions that were not ruled upon were waived. The State asserts that the charges were properly joined, the jury composition was proper, unanimous verdicts were returned on all four counts and the verdict form was proper. The State agrees that the sentences imposed are within the statutory guidelines for each of the counts. As such, the State maintains that the convictions and sentences in the instant case were proper and do not give rise to non-frivolous issues on appeal.

Our review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The superseding bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. *See generally* La. C.Cr.P. arts. 464 and 466. The record reflects that defendant appeared at each stage of the proceedings against him, including his arraignment, trial, multiple bill proceeding, and sentencing. As such, defendant's presence does not present any issues that would support an appeal.

Defense counsel filed omnibus motions, including a motion to suppress the evidence that was denied after a hearing. A trial court is afforded great discretion when ruling on a motion to suppress and its ruling will not be disturbed absent an abuse of that discretion. *State v. Sam*, 11-469 (La. App. 5 Cir. 2/14/12), 88 So.3d 580, 586, *writ denied*, 12-631 (La. 9/12/12), 98 So.3d 301. In determining whether the trial court's ruling on a motion to suppress is correct, an appellate court is not

limited to the evidence presented at the motion to suppress hearing but also may consider pertinent evidence presented at trial. *Id.*

At the suppression hearing, defense counsel argued that the traffic stop was unconstitutional, and therefore, the gun should be suppressed. The State responded that the stop was valid because the uncontroverted testimony was that there was no license plate or temporary tag on the vehicle.

For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of legal violation, such as a traffic violation, occurred or is about to occur before stopping the vehicle. *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). When an officer observes what he objectively believes is a traffic offense, the decision to stop the vehicle is reasonable regardless of the officer's intent. *Whren*, *supra*.

In this case, Officer Nelson testified that a traffic violation was committed when there was no license plate displayed on the vehicle in violation of La. R.S. 32:53.[9] Based on this testimony, the stop was lawful. As such, the trial court did not abuse its discretion by denying the motion to suppress the evidence.

---

[9] La. R.S. 32:53 provides in pertinent part:

**§ 53. Proper equipment required on vehicles; display of plate**

A. (1) No person shall drive or move, nor cause or knowingly permit any vehicle owned or controlled by him to be driven or moved, on any highway of this state, at any time, any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person or property, or which does not contain those parts or is not at all times equipped with such lamps and other equipment, in proper condition and adjustment, as required in this Chapter, or which is constructed or equipped in any manner in violation of this Chapter, and no person shall do any act forbidden or fail to perform any act required under this Chapter.

(2) The permanent registration license plate assigned to a trailer, semitrailer, motorcycle, or other motor vehicle shall be attached to the rear thereof. Notwithstanding the foregoing, the permanent registration license plate assigned to any truck having a gross vehicle weight in excess of ten thousand pounds or to any dump truck may be attached to either the front or rear thereof. For the purposes of this Section, dump truck means any truck with a bed that raises to dump a load. The permanent registration license plate shall be so displayed during the current registration year, except as otherwise provided herein.

(3) Every permanent registration license plate shall at all times be securely fastened to the vehicle to which it is assigned, so as to prevent the plate from swinging, and at a height not less than twelve inches from the ground, measuring from the bottom of such plate, in a place and position to be clearly visible, and shall be maintained free from foreign materials and in a condition to be clearly legible. Unless authorized by the commissioner, a person shall not apply a covering or any substance to the license plate or use an electronic device or electrochromatic film that obscures from any angle the numbers, characters, year registration sticker, or name of the jurisdiction issuing the plate[.]

In addition, defendant filed other pre-trial motions that were not ruled upon by the trial court, including a motion for preliminary hearing. When a defendant does not object to the trial court's failure to rule on a motion prior to trial, the motion is considered waived. *State v. Rivera*, 13-673 (La. App. 5 Cir. 1/31/14), 134 So.3d 61, 66. The record does not reflect that defendant objected to the trial court's failure to rule on his motion for a preliminary hearing. As such, the motion was waived.

The record reflects that the jury was properly comprised of twelve members, that the offenses were properly joined, that the jury's unanimous verdicts were responsive, and that a verdict was rendered on each of the four counts. *See* La. C.Cr.P. arts. 782, 819.

Further, our review of the record under *State v. Raymo*, 419 So.2d 858, 861 (La. 1982),[10] shows that the evidence presented was sufficient under the *Jackson*[11] standard to establish the essential statutory elements of possession of a firearm by a convicted felon, possession of a firearm while in possession of a controlled dangerous substance, to wit: Buprenorphine (Suboxone), resisting a police officer with force or violence, and possession of a firearm with obliterated numbers or marks.[12]

Additionally, the sentences imposed are within the sentencing ranges prescribed by the statutes. *See* La. R.S. 14:95.1; La. R.S. 14:95(E); La. R.S.

---

[10] In *Raymo*, *supra*, the Louisiana Supreme Court held that "[b]ecause the state's case was devoid of evidence of an essential element of the charged offense ... defendant's conviction and sentence must be set aside ... regardless of how the error is brought to the attention of the reviewing court."

[11] *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), "The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

[12] In sum, the evidence showed that Officer Nelson conducted a lawful traffic stop. He had the driver and the three passengers, one of whom was defendant, exit the vehicle. Defendant fled the scene, and Officers Nelson and Norton chased him. He resisted the officers' attempts to subdue and handcuff him with force or violence. The officers observed defendant with a gun that was later found to have an obliterated serial number. During a search incident to arrest, Suboxone was located in defendant's wallet. The evidence also showed that defendant was a convicted felon and that the ten-year cleansing period had not elapsed.

14:108.2; and La. R.S. 14:95.7(C)(1). As such, defendant's sentences do not provide a basis for appeal in this matter.

Our review indicates that appellate counsel's brief demonstrates by full discussion and analysis that she has complied with the requirements of *Anders, supra.* Accordingly, appellate counsel's motion to withdraw as attorney of record is granted. We now move on to a review of defendant's *pro se* assignments of error.

## PRO SE ASSIGNMENT OF ERROR NUMBER FOUR

The evidence produced at trial is insufficient to show that Appellant possessed the firearm within the statutory cleansing period of ten years.

## DISCUSSION

Defendant argues that the evidence was insufficient to show that he possessed the firearm within the statutory cleansing period of ten years.[13] He contends that the State produced an expert latent examiner to testify that he had been convicted of a prior felony and that he received a ten-year sentence for that felony. He contends that the State failed to produce any evidence tending to show that the ten-year cleansing period had not elapsed. Defendant maintains that *Jackson v. Virginia*[14] requires the State to prove every element and that possession falling within the statutory cleansing period is one of the elements the Louisiana Legislature requires the State to prove. He argues that his conviction for possession of a firearm by a person convicted of certain felonies and sentence should be vacated "with prejudice."

In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both,

---

[13] When issues are raised on appeal contesting the sufficiency of the evidence and alleging one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. *State v. Hearold*, 603 So.2d 731, 734 (La. 1992); *State v. Duhon*, 18-593 (La. App. 1 Cir. 12/28/18), 270 So.3d 597, 609, *writ denied*, 19-124 (La. 5/28/19), 273 So.3d 315.

[14] *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Neal*, 00-674 (La. 6/29/01), 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).

In cases involving circumstantial evidence, the trial court must instruct the jury that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."  La. R.S. 15:438.

In the instant case, defendant was convicted of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one).  La. R.S. 14:95.1, which generally provides that there is a ten-year cleansing period for individuals who have been convicted of certain felonies, provides in pertinent part as follows:

> A. It is unlawful for any person who has been convicted of, or has been found not guilty by reason of insanity for, a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
>
> ****
>
> C. The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of, or who have been found not guilty by reason of insanity for, certain felonies shall not apply to any person who has not been convicted of, or who has not been found not guilty by reason of insanity for, any felony for a period of ten years from the date of completion of sentence, probation, parole, suspension of sentence, or

discharge from a mental institution by a court of competent jurisdiction[.]

To support a conviction under La. R.S. 14:95.1, the State must prove beyond a reasonable doubt that defendant had: (1) possession of a firearm; (2) a prior conviction for an enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) the general intent to commit the offense. *State v. Chairs,* 12-363 (La. App. 5 Cir. 12/27/12), 106 So.3d 1232, 1250*, writ denied, State ex rel. Chairs v. State,* 13-306 (La. 6/21/13), 118 So.3d 413. With respect to number three, the State must prove that ten years has not elapsed since the date of completion of the punishment for the prior felony conviction. *State v. Miller,* 20-182 (La. App. 5 Cir. 12/23/20), 308 So.3d 1246, 1255, *writ denied,* 21-233 (La. 4/27/21), 314 So.3d 838. Here, defendant only argues that the State did not prove the ten-year cleansing period.

On June 10, 2020, the State filed a bill of information alleging that on or about April 28, 2020, defendant violated La. R.S. 14:95.1 in that he had in his possession a firearm, to wit: a Smith & Wesson 9 mm handgun with an obliterated serial number having been previously convicted of "use of firearm/CDS" (14:95(E)) in case number 13-3588 on November 20, 2013; of simple burglary (14:62) in case number 04-7401 on October 23, 2007; and of armed robbery with a firearm (14:64.3) in case number 04-6518 on October 23, 2007 in the 24th Judicial District Court in Jefferson Parish.

Deputy Donna Quintanilla, who was accepted her as an expert in the field of fingerprint analysis and comparison, testified that she obtained fingerprints from defendant that day on a ten-print card. She compared the fingerprints taken in court to the prints on an arrest card from the certified copy of the conviction packet for defendant's plea to armed robbery. Deputy Quintanilla testified that "there were enough features that were corresponding with each other for the right thumb

of the individual that I fingerprinted today compared to the right thumb of the card." Deputy Quintanilla further testified she compared the ten-print card that she obtained that day from defendant with the fingerprints in the certified conviction packet for defendant's plea to simple burglary. Deputy Quintanilla testified that "the corresponding features were in agreement." Deputy Quintanilla also testified that she compared the fingerprints contained in the certified conviction packet for defendant's plea to a violation of La. R.S. 14:95(E) and the ten-print card that she obtained from defendant that day. She testified that she was able to find "corresponding features in the right thumb of both the ten-print card as well as the arrest card." She also testified that "there were corresponding features" between the left thumb in the conviction packet and defendant's left thumb taken in court that day. Deputy Quintanilla explained that no one shared the same fingerprint.

Defendant committed the underlying offense, a violation of La. R.S. 14:95.1, on April 28, 2020, and was convicted of that offense on August 19, 2021. State's Exhibits 24 through 29, the certified conviction packets from defendant's prior felonies, reflect that defendant committed a violation of La. R.S. 14:95(E) on July 2, 2013, that he was convicted of that offense on November 20, 2013, and that he was sentenced to five years at hard labor. They further reflect that defendant committed a violation of La. R.S. 14:62 (simple burglary) on August 23, 2004, that he was convicted of that offense on October 23, 2007, and that he was sentenced to ten years at hard labor. Those certified conviction packets also reflect that defendant committed a violation of "La. R.S. 14:64.3" (armed robbery with a firearm) on August 25, 2004, that he was convicted of that offense on October 23, 2007, and that he was sentenced to ten years at hard labor. Thus, the evidence was sufficient to support defendant's conviction on count one of possession of a firearm by a convicted felon.

## PRO SE ASSIGNMENT OF ERROR NUMBER ONE

Appellant has been denied his constitutional right to Appellate Review based upon a complete record, by the District Court withholding major portions of the trial record, in violation of Art. 1 § 19 of the Louisiana Constitution and the 14th Amendment to the United States Constitution.

## DISCUSSION

On October 24, 2022, this Court ordered that the appellate record be supplemented with the *voir dire*, opening statements, closing arguments, and any objections made by the defense that were not transcribed. Thus, this assignment of error is moot.

## PRO SE ASSIGNMENT OF ERROR NUMBER TWO

Appellant's sentence is patently illegal where the trial court sentenced him under 15:529.1 without the benefit of parole.

## DISCUSSION

In this assignment of error, defendant argues that his enhanced sentence is patently illegal because the trial court sentenced him under La. R.S. 15:529.1 without the benefit of parole.

The record reflects that on October 5, 2021, after a hearing on the multiple bill, the trial court found defendant to be a second-felony offender. The trial court then vacated the original sentence on count one and resentenced defendant under the multiple bill statute to "thirty-five years" without benefit of parole, probation, or suspension of sentence to run concurrently with the sentences on counts two, three, and four.

La. R.S. 15:529.1(G) requires the enhanced sentence to be imposed without the benefit of probation or suspension of sentence. Also, the restrictions on parole eligibility imposed on habitual offender sentences under La. R.S. 15:529.1 are those called for in the referenced statute. *State v. Esteen*, 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, 79 n.24, *writ denied*, 02-1540 (La. 12/13/02), 831 So.2d 983 (citing *State v. Bruins*, 407 So.2d 685, 687 (La. 1981)). La. R.S. 14:95.1, the

referenced statute, requires the sentence to be served without the benefit of parole, probation, or suspension of sentence. Therefore, the trial judge correctly ordered defendant's enhanced sentence to be served without benefit of parole, probation, or suspension of sentence.

## PRO SE ASSIGNMENT OF ERROR NUMBER THREE

Appellant's convictions for possession of a firearm while in possession of a controlled substance, possession of a controlled substance, and possession of a firearm by a person convicted of a felony constitute double jeopardy.

## DISCUSSION

Defendant argues that his convictions for possession of a firearm while in possession of a controlled dangerous substance and possession of a firearm by a convicted felon constitute double jeopardy. He argues that his conduct of possessing a firearm is essentially included in both of the above-named crimes, and therefore, those convictions should be vacated. He also asserts that possession of a firearm by a convicted felon requires an additional fact but not additional conduct. Defendant states that the additional fact required is his status as a convicted felon. He argues that the point of the double jeopardy clause is to protect citizens from being punished twice for the same conduct.

Defendant contends that the United States Supreme Court held in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), that in addition to passing the *Blockburger*[15] test, a subsequent prosecution must satisfy a "same-conduc" test to avoid the double jeopardy bar. He maintains that the Supreme Court abrogated *Grady* in *U.S. v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), for overextending the double jeopardy clause. He asserts that the Louisiana Constitution guarantees a higher standard of individual liberty than that afforded by the United States Constitution and the jurisprudence interpreting the federal constitution. Defendant argues that he was convicted of three different

---

[15] *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

charges for the one act of possessing a firearm.  As such, he argues that this Court should vacate his convictions and sentences and remand for resentencing on the surviving conviction.

While double jeopardy is most properly raised in a motion to quash, and defendant did not file a motion to quash, the issue is still properly before this Court as double jeopardy may be raised at any time.  *State v. Austin*, 04-993 (La. App. 5 Cir. 3/1/05), 900 So.2d 867, 884, *writ denied*, 05-830 (La. 11/28/05), 916 So.2d 143.  Further, a violation of double jeopardy apparent on the face of the record is reviewable as an error patent.  *State v. Pike*, 18-538 (La. App. 5 Cir. 5/8/19), 273 So.3d 488, 500, *writ denied*, 19-927 (La. 2/10/20), 292 So.3d 60.

The Fifth Amendment to the United States Constitution, as well as Article I, § 15 of the Louisiana Constitution, prohibit placing a person twice in jeopardy of life or limb for the same offense.  *See also* La. C.Cr.P. art. 591.  Double jeopardy provisions are intended to protect an accused not only from a second prosecution for the same criminal act but also multiple punishments for the same act.  *State v. Lefeure*, 00-1142 (La. App. 5 Cir. 1/30/01), 778 So.2d 744, 750, *writ denied*, 01-1440 (La. 9/21/01), 797 So.2d 669.  However, it is well-settled that an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy.  *State v. Stevens*, 18-344 (La. App. 5 Cir. 12/5/18), 260 So.3d 776, 783.

The protections against double jeopardy mandated by the federal constitution, as re-stated in this State's constitution, fall within the analytical framework set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).  *See State v. Frank*, 16-1160 (La. 10/18/17), 234 So.3d 27.  Under *Blockburger*, the question is whether the same act or transaction constitutes a violation of two distinct statutory provisions.  To determine whether there are

two offenses or only one, the pertinent question is whether each provision requires proof of an additional fact, which the other does not. *State v. Knowles*, 392 So.2d 651, 654 (La. 1980); *State v. Bridgewater*, 98-658 (La. App. 5 Cir. 12/16/98), 726 So.2d 987, 991. "[A] defendant can be convicted of two offenses arising out of the same criminal incident if each crime contains an element not found in the other." *State v. Hampton*, 17-383 (La. App. 3 Cir. 11/15/17), 259 So.3d 1125, 1132 (quoting *State v. Frank*, 234 So.3d at 30).

Notably, Louisiana courts previously utilized two tests to analyze double jeopardy claims: (1) the "distinct fact" or *Blockburger* test, set forth *supra*; and (2) the "same evidence" test. *State v. Fairman*, 15-67 (La. App. 5 Cir. 9/23/15), 173 So.3d 1278, 1289. The same evidence test is broader in concept than the *Blockburger* test. *Lefeure*, 778 So.2d at 751. However, the same evidence test previously utilized by Louisiana courts to determine whether two crimes constituted the "same offense" for purposes of double jeopardy was rejected by the Louisiana Supreme Court in *Frank*, *supra*, which proclaimed that "the protections against double jeopardy mandated by the federal constitution, as restated in this State's constitution, fall within the analytical framework set forth in *Blockburger*, and Louisiana courts need only apply that framework in analyzing questions of double jeopardy." *See Frank*, 234 So.3d at 33-34. Thus, the Louisiana Supreme Court has instructed Louisiana courts to dispense with Louisiana's separate "same evidence" test. *See Frank*, *supra*.

Under *Blockburger*, courts are required to compare the two criminal statutes at issue and ask "whether each provision requires proof of an additional fact which the other does not." *United States v. Singleton*, 16 F.3d 1419, 1422 (5th Cir. 1994), 516 U.S. 924, 1165 S.Ct. 324, 133 L.Ed.2d 225 (1995). If either statute contains an element not also found in the other statute, the statutes "fail" the *Blockburger* test, and the defendant may not be punished under both of them "in

the absence of a clear indication of contrary legislative intent." *Id.* The two statutory offenses need not be identical to constitute the same offense for double jeopardy purposes. The *Blockburger* inquiry focuses on the statutory elements of the offenses, not on their application to the facts of the specific case before the court or on the actual evidence presented at trial. *Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980).

In the instant case, defendant was charged with, and convicted of, possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one), possession of a firearm while in possession of a controlled dangerous substance, to wit: Buprenorphine (Suboxone) or cocaine in violation of La. R.S. 14:95(E) (count two), and possession of a firearm with obliterated numbers or marks in violation of La. R.S. 14:95.7(C)(1) (count four).

To support a conviction under La. R.S. 14:95.1, the State must prove beyond a reasonable doubt that defendant had: (1) possession of a firearm; (2) a prior conviction for an enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) the general intent to commit the offense. *State v. Chairs*, *supra.* With respect to number three, the State must prove that ten years has not elapsed since the date of completion of the punishment for the prior felony conviction. *State v. Miller*, *supra.*

La. R.S. 14:95(E) provides, in pertinent part, the following:

E. If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while unlawfully in the possession of a controlled dangerous substance except the possession of fourteen grams or less of marijuana, or during the unlawful sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence. Upon a second or subsequent conviction, the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years without the benefit of probation, parole, or suspension of sentence.

In order to prove a violation of La. R.S. 14:95(E), when a defendant is found to be in constructive possession of a firearm while simultaneously in possession of a controlled dangerous substance, the State must prove that there is a nexus between the firearm and the controlled dangerous substance. *State v. Blanchard*, 99-3439 (La. 1/18/01), 776 So.2d 1165, 1174. Proof of this nexus is not required where the defendant uses or has actual possession of the firearm or has the firearm within his immediate control. *Blanchard*, 776 So.2d at 1174. Possession of narcotic drugs can be established by actual physical possession or by constructive possession. *State v. Major*, 03-3522 (La. 12/1/04), 888 So.2d 798, 802. The sufficiency of the proof to establish possession turns on the facts of each case. *State v. Johnson*, 03-1228 (La. 4/14/04), 870 So.2d 995, 998.

The crime of possession of or dealing in firearms with an obliterated number or marks is set forth in La. R.S. 14:95.7, which states in part:

> A. No person shall intentionally receive, possess, carry, conceal, buy, sell, or transport any firearm from which the serial number or mark of identification has been obliterated.

> B. This Section shall not apply to any firearm which is an antique or war relic and is inoperable or for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade, or which was originally manufactured without such a number.

Thus, the elements of this crime are: (1) intentionally receiving, possessing, carrying, concealing, buying, selling, or transporting a firearm, and (2) that the firearm has its serial number or mark of identification obliterated. *State v. Hill*, 54,644 (La. App. 2 Cir. 9/21/22), 2022 WL 4360954,* at 4.

By analogy, in *Hill*, *supra*, the defendant argued that his habitual offender sentence was illegal because it amounted to double jeopardy due to both gun convictions involving the same firearm. The second circuit found that although both crimes required possession of a firearm, each crime required at least one

factor that was absent from the other. It stated that as indicated by the name of the crime, the crime of possession of a firearm by a convicted felon was concerned with the status of the person possessing the firearm. Thus, the second circuit found that La. R.S. 14:95.1 required that the firearm be possessed by a person who was previously convicted of an enumerated felony. In contrast, the appellate court asserted that the status of the person possessing the firearm was not an element of the crime of possession of, or dealing in, firearms with an obliterated number or marks. It noted that the element other than possession was that the serial number or mark of identification on the firearm had been obliterated. As such, the second circuit concluded that the defendant's argument was without merit.

Likewise, in *State v. Brown*, 42,188 (La. App. 2 Cir. 9/26/07), 966 So.2d 727, 760, *writ denied*, 07-2199 (La. 4/18/08), 978 So.2d 347, the appellate court found that these are two separate offenses under the "same evidence test" because the evidence necessary to prove the offense of illegal carrying of a weapon while in possession of a controlled dangerous substance would not have been sufficient to convict the defendant of possession of a firearm by a convicted felon. It found that the State was required to present the additional evidence that the defendant had been convicted of a violent felony in order to convict him of possession of a firearm by a convicted felon. Accordingly, the appellate court found that because these are two separate offenses, there was no double jeopardy violation.[16]

In the case at bar, possession of a firearm by a convicted felon (count one), possession of a firearm while in possession of a controlled dangerous substance (count two), and possession of a firearm with an obliterated serial number (count four) each requires proof of an additional fact which the other does not. Each offense requires possession of a firearm; however, count one requires that the person is a convicted felon, count two requires that the person possess a controlled

---

[16] It is noted that this case was also decided prior to *Frank*, *supra*.

dangerous substance, and count three requires that the firearm have an obliterated serial number. Accordingly, no double jeopardy violations occurred.

## PRO SE ASSIGNMENT OF ERROR NUMBER FIVE

The prosecutor's proffered reasons for striking black prospective jurors was pretext for racial discrimination in violation of the Equal Protection Clause of the United States Constitution.

## DISCUSSION

Defendant argues that the prosecutor's proffered reasons for striking black jurors was a pretext for racial discrimination in violation of the Equal Protection Clause of the United States Constitution. Defendant asserts that the jury at his trial consisted of four white males, six white females, and two Asian females. He further asserts that all African-American prospective jurors were challenged and struck from the jury for reasons that would easily fail the deferential standard of review applicable. Defendant provides that in *Snyder v. Louisiana*, 552 U.S. 472, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008), the United States Supreme Court determined that a college senior attempting to fulfill his student-teaching obligation was an insufficient reason alone and suffices for a *Batson*[17] error determination. He maintains that he made a timely objection to each *Batson* violation.

A defendant cannot avail himself of an alleged error unless he made a contemporaneous objection at the time of the error. La. C.Cr.P. art. 841(A). The Louisiana Supreme Court has traditionally applied La. C.Cr.P. art. 841 to errors occurring during *voir dire* and has consistently held that a defendant waives review of irregularities in the selection of the jury when an objection is not timely raised. *State v. Tilley*, 99-0569, (La. 7/6/00), 767 So.2d 6, 21; see also, *State v. Potter*, 591 So.2d 1166, 1168-69 (La. 1991) (failure to make *Batson* objection waived issue on appeal); *State v. Spencer*, 446 So.2d 1197, 1200 (La. 1984) (review of improper

---

[17] *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

exclusion of blacks from jury not preserved for appeal). In accordance with that precedent, this Court has held that in order to preserve a complaint that the State used a peremptory challenge based solely on race, the defense must make an objection before the entire jury panel is sworn. *State v. Blazio*, 09-851 (La. App. 5 Cir. 6/29/10), 44 So. 3d 725, 731, *writ denied*, 10-1781 (La. 2/4/11), 57 So. 3d 310. This Court concluded that this issue was not preserved for appeal because the *Batson* objection was not raised in the district court. *Id.*

The record before us indicates that the State used two peremptory challenges to exclude two jurors. The record does not indicate that the defense raised any objection to these challenges. Accordingly, any alleged error regarding the improper striking of black prospective jurors was not preserved for appellate review.

## PRO SE ASSIGNMENT OF ERROR NUMBER SIX

Appellant was prejudicially denied his constitutional right to a preliminary examination hearing in violation of the Due Process Clause of the United States Constitution.

## DISCUSSION

Defendant contends that he repeatedly asserted his right to have a preliminary examination to determine probable cause, to have fair notice of the evidence and witnesses against him, and to have a better opportunity to negotiate a plea with the State. He argues that prejudice is obvious since at least two of his charges constitute double jeopardy. Defendant claims that he was never offered a plea negotiation and that he was unable to obtain the traffic citation that would have shown the initial seizure was illegal.

As discussed above, defendant filed pre-trial motions that were not ruled upon by the trial court, including a motion for a preliminary hearing. When a defendant does not object to the trial court's failure to rule on a motion prior to trial, the motion is considered waived. *Rivera*, *supra*. Because defendant did not

object to the trial court's failure to rule on the motion for a preliminary hearing prior to trial, this motion is considered waived. Further, in the absence of a showing of prejudice, any issue concerning probable cause is moot after conviction. *State v. Washington*, 363 So.2d 509 (La. 1978).

## ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).

Mandatory Fine

The trial judge failed to impose the mandatory fines on counts one, two, and four. La. R.S. 14:95(E) requires a mandatory fine of not more than ten thousand dollars (count two). La. R.S. 14:95.7 requires a mandatory fine of not more than one thousand dollars (count four).

This Court has previously exercised its discretion to decline to correct an illegally lenient sentence in the case of an indigent defendant. *State v. Fisher*, 19-488 (La. App. 5 Cir. 6/24/20), 299 So.3d 1238, 1249. In the instant case, defendant is represented by the Louisiana Appellate Project, which represents indigent defendants in non-capital felony cases. Therefore, due to defendant's indigent status, we decline to remand this matter for imposition of the mandatory fines. *See State v. Manuel*, 20-172 (La. App. 5 Cir. 6/2/21), 325 So.3d 513, 570-71, *writ denied*, 21-926 (La. 10/12/21), 325 So.3d 1071.

Post-Conviction Relief Advisal

The transcript reflects that the trial judge failed to advise defendant of the provisions of La. C.Cr.P. art. 930.8; however, the minute entries show that defendant was advised of these provisions. When there is a discrepancy between the minute entry and the transcript, the transcript prevails. *State v. Lynch*, 441

So.2d 732, 734 (La. 1983); *State v. Pham*, 12-635 (La. App. 5 Cir. 5/16/13), 119 So.3d 202, 227-28, *writ denied*, 13-1398 (La. 12/6/13), 129 So.3d 531.

If a trial court fails to advise pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. *State v. Francis*, 17-651 (La. App. 5 Cir. 5/16/18), 247 So.3d 199, 205. Accordingly, by way of this opinion defendant is advised that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

## CONCLUSION

Accordingly, for the reasons provided herein, defendant's convictions and sentences are affirmed and appellate counsel's motion to withdraw as attorney of record is hereby granted.

**AFFIRMED; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 21, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-KA-191

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
MONIQUE D. NOLAN (APPELLEE)      THOMAS J. BUTLER (APPELLEE)      BERTHA M. HILLMAN (APPELLANT)

**MAILED**
REGINALD BRADLEY #512432
(APPELLANT)
RAYBURN CORRECTIONAL CENTER
27268 HIGHWAY 21
ANGIE, LA 70426

JODI J. AAMODT (APPELLEE)
ATTORNEY AT LAW
STE 200
500 SAINT LOUIS ST
NEW ORLEANS, LA 70130

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
BRITTANY BECKNER (APPELLEE)
JOSHUA K. VANDERHOOFT (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053